IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )    Chapter 7
JULI JENENE VERSCHUURE,         )
                                )
     Debtor.                    )    Bankruptcy No. 05-05069-lmj
--------------------------------
MARTIN JAMES DEJONG,            )
                                )    Adversary No. 05-30160-pjk
     Plaintiff,                 )
                                )
vs.                             )
                                )
JULI JENENE VERSCHUURE,         )
                                )
     Defendant.                 )
```

### ORDER RE: COMPLAINT TO DETERMINE
### DISCHARGEABILITY OF DEBT

The above-captioned matter came on for hearing on May 9, 2006 pursuant to assignment.  Attorney Alexander Johnson represented Plaintiff Martin DeJong.  Attorney Dennis McKelvie represented Defendant/Debtor Juli Verschuure.  After hearing evidence and arguments, the Court took this matter under advisement.  The filing of briefs was waived, and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### STATEMENT OF THE CASE

Plaintiff alleges that debts arising in the course of dissolution proceedings of approximately $12,768.41 should be excepted from discharged under § 523(a)(15).  Debtor alleges that the debt is dischargeable.  Additionally, she asserts that the debts were not incurred in the course of a dissolution of marriage.

### FINDINGS OF FACT

Martin DeJong and Juli Verschuure were married for approximately 13 years.  The Iowa District Court for Marion County issued a Decree of Dissolution of Marriage, EQ CDCM011284, dissolving that marriage on October 12, 2001.  The decree of dissolution addressed most of the parties' debts but did not resolve certain issues relating to some of the parties' marital property.

The dissolution decree required that Juli Verschuure, Debtor herein, pay the debts on page 14, paragraph 18 of the decree. These debts included: Citibank, Verizon, Discover Card, MBNA Credit Card, Wells Fargo, Tri-County, DeVore's, 401K Plan Loan, Loan on motor vehicle, and Loan on horse trailer and 4-wheeler. The parties are in agreement that all of this debt has either been discharged in bankruptcy or resolved except for the Discover Card and the Wells Fargo debt. Debtor owes Discover Card $7,146.39 and owes Wells Fargo $5,622.02. The evidence establishes that no charges have been made against these credit card accounts since the time of dissolution and nothing has been paid toward this indebtedness.

The evidence establishes that Plaintiff Martin DeJong is 43 years old and lives in Leighton, Iowa. His employment is primarily as a maintenance worker and a construction worker. He works at Precision Pulley in Pella, Iowa and earns $16.63 per hour. Since the parties' dissolution in 2001, Mr. DeJong has remarried. His spouse, Diane DeJong, is employed at a Medical Center on a part-time basis.

At the time of the parties' dissolution in 2001, Mr. DeJong was earning approximately $34,000 per year. His income has increased over the years and the DeJong's joint income tax return for calendar year 2005 reflected income of approximately $80,000 of which one-half was his income. Mr. DeJong testified that he has no other outside income but that he may start a sawmill operation in the future.

Mr. DeJong stated that he has joint custody of the parties' son and that he pays child support of $127 per month in which he is current. He testified that he does not have the money to pay the two debts in question and has, in fact, borrowed money to pay his attorney's fees in this action.

The evidence establishes that Mr. DeJong is current on all of his present bills. He and his wife have a joint checking account and his wife pays the family bills. He testified that he has received calls demanding payment on the Discover Card approximately one year ago. He has been sued personally on the Wells Fargo debt.

The evidence establishes that Debtor Juli Verschuure is 40 years old and is in good health. Mrs. Verschuure works at Pella Corporation and earns $15.45 per hour. Since the time of her dissolution from Mr. DeJong, she has remarried. Her spouse owns Doug's Four Wheelers. For calendar year 2004, the Vershuures filed a tax return with income of approximately $90,000. It appears that Mrs. Verschuure's declared income for that year was

2

approximately $28,000.  She testified that she and her husband maintain separate accounts.  Her husband pays all the bills and she pays groceries and phone.  In addition to her work at Pella Corporation, she worked at the Opera House for a period of time but terminated that employment in the Fall of 2005.  She testified that she has no other income.  The evidence reflects that Mrs. Verschuure and her husband own substantial property, including real estate.  For her own activities, she raises cats and has horses.  In the recent past, she has borrowed $10,000 to buy horses and an automobile.  For taxable year 2004, she and her husband received tax refunds of $3,768.  She split this refund with her husband.

Mrs. Verschuure testified that she does not have the ability to pay these two debts.

## CONCLUSIONS OF LAW

Section 523(a)(15) excepts from discharge any debt

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State . . . law unless
>
> > (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor; or
> >
> > (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15)(2005).  Plaintiff must prove the elements of a claim under § 523(a)(15) by a preponderance of evidence. Grogan v. Garner, 498 U.S. 279, 285 (1991).

## NEW DEBT

Mrs. Verschuure denies the debts in question were incurred in the course of a dissolution of marriage proceeding.  She asserts that the debts were incurred by the parties prior to the dissolution proceedings. This assertion is an obvious reference to language contained in § 523(a)(15): ". . . that is incurred by

3

the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . ." Mrs. Verschuure misreads the import of this language.

The Iowa courts, as well as this Court, have held that execution of a settlement agreement in a dissolution action creates a new debt between the former spouses. In re O'Shaughnessy, 302 B.R. 24, 32 (Bankr. N.D. Iowa 2003); In re Balm, No. 04-9060, 2004 WL 1637033, (Bankr. N.D. Iowa July 2, 2004). Under Iowa law, the decree of dissolution creates a new obligation which a spouse may enforce against a non-paying former spouse by institution of State proceedings such as contempt. Iowa Code sec. 598.23(1)(2005); In re Marriage of Lenger, 336 N.W.2d 191, 192 (Iowa 1983).

The dissolution decree itself gives rise to a new and distinct obligation between the parties. This obligation creates rights in favor of both parties against each other to enforce the terms of the decree of dissolution. This is, in effect, a new indebtedness and the language of § 523(a)(15) is referring to this indebtedness. As such, Mrs. Verschuure's reference to the lack of any new debt is misplaced and is not a defense to these proceedings.

## DISCHARGEABILITY

For a debt to be considered nondischargeable under § 523(a)(15), it must not be of the kind described in § 523(a)(5). In re Fellner, 256 B.R. 898, 902 (B.A.P. 8th Cir. 2001). If the debt satisfies this threshold requirement as a non-support property settlement award, "a rebuttable presumption of nondischargeability is created." In re Moeder, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998). The burden then shifts to the debtor to establish either (1) an inability to pay the debt or (2) that the benefit received from discharging the debt would outweigh the corresponding detriment to the plaintiff. Id.

Due to the similarity in the language of 11 U.S.C. § 1325(b)(2) and § 523(a)(15)(A), courts apply the Chapter 13 disposable income analysis to (a)(15)(A). In re Brown, 302 B.R. 637, 644 (Bankr. N.D. Iowa 2003). The court examines whether the debtor's expenditures are reasonable and necessary and whether the debtor has enough disposable income to pay debts within a reasonable amount of time.

Even if the Court determines that Debtor has the ability to pay under § 523(a)(15)(A), the debt may still be discharged under § 523(a)(15)(B). Non-support dissolution debt is dischargeable

4

despite the debtor's ability to pay under subsection (A) if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B) (2005). The central factor in this inquiry is the comparison of the parties' standards of living. In re Eiklenborg, 286, B.R. 718, 722 (Bankr. N.D. Iowa 2002); In re Johnson, No. 03-9032, 2004 WL 764668, at *5 (Bankr. N.D. Iowa Feb. 12, 2004). This exception to nondischargeability does not apply where a debtor's standard of living is "above or about equal to" that of the ex-spouse. Johnson, No. 03-9032, at *5.

## ANALYSIS

As set forth in the Findings of Fact and Conclusions of Law, Plaintiff must first establish the threshold requirement that the debts in question consist of non-support property settlement awards. The only two debts in question here are two credit card obligations totaling approximately $12,000. They are not related to support and it is largely uncontested that these debts are not of the kind described in § 523(a)(5).

As such, the burden shifts to Debtor to establish one of two options. She can prevail if she is unable to pay the indebtedness, or alternatively, if the benefit which she would receive from discharging this debt outweighs the corresponding detriment to Mr. DeJong.

The Court will first address Debtor's ability to pay this debt. Since the time of the dissolution of the parties, Debtor paid or disposed of almost all of the indebtedness which was imposed upon her by the dissolution decree. Of all of the indebtedness awarded to her in the dissolution decree, the only obligations which were joint obligations were the Discover Card and Wells Fargo accounts. It is the conclusion of this Court that it is not accidental that these are the only two obligations which have not been resolved by Mrs. Verschuure.

Mrs. Verschuure is in good health. She is employed full-time at Pella Corporation earning $15.45 per hour. She and her spouse enjoy a relatively high standard of living. Her husband pays most of the obligations and her obligations are limited to groceries, the phone, and other minor expenses. She was able to obtain a loan for $10,000 for horses. She testified that the horses do not turn a profit. However, the important consideration is that she was able to obtain a loan for property which is not necessary to her lifestyle. Additionally, she received a tax refund last year of almost $2,000. None of this money was applied toward the indebtedness. Between Debtor and

5

her husband, they earn in excess of $90,000 per year. It is the conclusion of this Court that Debtor is capable of paying this obligation.

In the alternative, Debtor must establish that the benefit which she would receive from discharging this debt would outweigh the corresponding detriment to Plaintiff. It is unnecessary here to completely restate the facts. Debtor enjoys a relatively high standard of living. She has no needs which are unmet and, in fact, is able to enjoy relatively expensive hobbies.

It is the conclusion of this Court that the Iowa District Court, in dividing up the parties' assets and obligations, very carefully allocated property and debt to each party. Debtor has now been able to dispose of all of her obligations with the exception of two credit card debts of approximately $12,000 which were joint obligations of the parties during their marriage. It is apparent to this Court that, with little or no alteration of Debtor's lifestyle, she has the capacity to pay these debts which are relatively minor in comparison to her present family assets. It is the conclusion of this Court that Debtor's motivation is to rewrite the dissolution decree by having her former spouse pay these obligations even though she is financially capable of paying them herself. Debtor has failed to establish that she would benefit more from discharging the debt than Mr. DeJong would suffer a detriment.

**WHEREFORE,** it is the conclusion of this Court that the indebtedness imposed on Debtor Juli Verschuure in the Decree of Dissolution to Wells Fargo in the amount of $5,622.02 and to Discover Card in the amount of $7,702.97 is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

**FURTHER,** judgment shall be entered in favor of Plaintiff Martin DeJong and against Debtor Juli Verschuure accordingly.

Dated and Entered: May 31, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

6